**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Martin De Jesus GONZALEZ–**
**CERVANTES, Defendant–**
**Appellant.**

**No. 05–50533.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2007.[*]

Filed Jan. 16, 2007.

Janet Tung, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

---

[*] This panel unanimously finds this case suit- able for decision without oral argument. *See*

## MEMORANDUM **

Martin De Jesus Gonzalez–Cervantes appeals from the sentence imposed following his guilty-plea conviction for importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Gonzalez–Cervantes contends that the district court erred by failing to exercise its independent discretion to grant a downward departure pursuant to U.S.S.G. § 5K3.1 when the government's refusal to move for a departure was based on an unconstitutional motive. Specifically, Gonzalez–Cervantes contends that the government's failure to move for such a departure based on his refusal to stipulate to removal was unconstitutional because it discriminated against him based on race and nationality or alienage.

Even assuming the district court had independent discretion to grant such a departure, *see Wade v. United States,* 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), Gonzalez–Cervantes failed to demonstrate that the government had an unconstitutional or improper motive for refusing to move for a fast-track departure. *See id.* at 185–86, 112 S.Ct. 1840; *United States v. Espinoza–Cano,* 456 F.3d 1126, 1138 (9th Cir.2006) (noting that a defendant must present objective evidence of an improper motive on the part of the government).

**AFFIRMED.**

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.